No. 13-414

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

EQT PRODUCTION COMPANY,

          *Petitioner- Defendant,*

v.

ROBERT ADAIR, on behalf of himself and
all others similarly situated,

          *Respondent-Plaintiff.*

On Appeal from the United States District Court for the
Western District of Virginia, Case No. 1:10-cv-00037
_____

**REPLY IN SUPPORT OF
PETITION OF EQT PRODUCTION COMPANY FOR PERMISSION
TO APPEAL ORDER GRANTING CLASS CERTIFICATION**

_____

| | |
|---|---|
| Stephen M. Hodges | Michael W. Smith |
| Wade W. Massie | R. Braxton Hill, IV |
| Mark E. Frye | Christian & Barton |
| Penn, Stuart & Eskridge | 909 East Main Street, Suite 1200 |
| 208 East Main Street | Richmond, Virginia  23219-3095 |
| Abingdon, Virginia  24210 | Telephone:  804/697-4100 |
| Telephone:  276/628-5151 | |

Attorneys for Defendant-Petitioner EQT Production Company

A class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Consequently, a plaintiff seeking certification of a class bears the burden of demonstrating – with actual proof, and not mere rhetoric – satisfaction of the Rule 23 requirements. *See Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 317 (4th Cir. 2006). The District Court is required to make findings on whether the plaintiff has carried the burden, and it "per se abuses its discretion when it makes an error of law or clearly errs in its factual findings." *Id.* at 317-318. Because the District Court in this case certified a class pursuant to Rules 23(b)(2) and (b)(3) based on an erroneous reading of Virginia law and an insufficient factual record, this Court should grant EQT's petition and reverse the certification order.

> 1. **The District Court Based Its Rule 23(b)(2) Certification on an Error of Law.**
>
>     ***A. Virginia Law Requires a Deed-by-Deed Review to Determine the Ownership of Coalbed Methane Gas.***

In *Adair*, the District Court certified the class pursuant to Rule 23(b)(2) for the purpose of "obtaining a declaratory judgment as to the ownership of the rights to the CBM royalties." (Ex. B to Pet. at 68, Docket No. 2.) Specifically, Adair seeks a declaration that "based upon the [Supreme Court of

1

Virginia's] *Harrison-Wyatt*[1] opinion, a conveyance, reservation or exception of coal does not include CBM as a matter of law, and, therefore no CBM ownership conflict exists as a matter of law between a person owning the gas estate interest and the person owning the coal estate interests in the tract." (Ex. B to Pet. at 67, Docket No. 2.) But the *Harrison-Wyatt* court merely examined the specific language of the particular deeds at issue and ruled that the word "coal" – in and of itself -- did not also encompass coalbed methane gas:

> The severance deeds for Tracts 18 and 19 were recorded on August 2, 1887, and convey "all the coal in, upon, and underlying" the tracts. The severance deed for Tract 56, executed on October 13, 1887, contains similar language.
> …
> After examining the plain language of the severance deeds, the trial court concluded that the term "coal" was not ambiguous.
> …
> The [trial] court stated, therefore, that "the grant of coal rights does not include rights to CBM *absent an express grant of coalbed methane, natural gases, or minerals in general*."

593 S.E.2d at 235 (emphasis added). The *Harrison-Wyatt* court undertook the very type of deed-by-deed review to determine property ownership that the plaintiff and District Court here have eschewed.

Under Virginia law, estates in land must be conveyed by deed or by will, *see* Va. Code § 55-2, and judicial establishment of property ownership

---

[1] *Harrison-Wyatt, LLC v. Ratliff*, 593 S.E.2d 234 (Va. 2004).

2

requires an affirmative showing of good title through interpretation of the specific deed at issue:

> [t]o prevail in an action for ejectment, the plaintiff must prove that he has good title and the right to possession of the property, and he must recover upon the strength of his own title rather than upon the weakness of the defendant's title. The primary consideration when construing a deed is "to determine the intention of the parties executing the instrument." If the descriptions in a deed are ambiguous, parol evidence can be used to ascertain the intention of the parties at the time of the conveyance.

*Kitt v. Crosby*, 672 S.E.2d 851, 855 (Va. 2009) (internal citations omitted). To establish ownership of the CBM at issue, Adair and each of his fellow class members must rise or fall on the strength of his or her own title, not how EQT's business records may characterize that title for the purposes of bringing all potential claimants before the Gas Board. This exercise cannot be undertaken at a stroke, and the District Court erred in certifying the ownership issue without review of the class members' individual deeds.

### B. The Case Cannot Proceed as a Class Action Without All Required Parties.

Virginia statutes and orders of the Gas and Oil Board determine when royalties are paid into escrow, and Virginia statutes and orders of the Gas and Oil Board determine when royalties are released from escrow. Under Virginia Code § 45.1-361.22, royalties must be escrowed "when there are conflicting claims to

3

the ownership of coalbed methane gas." Neither the well operator nor the Board decide conflicting claims – they only identify them.

Correspondingly, under Virginia Code § 45.1-361.22(5), the Board is authorized to release the royalties to conflicting claimants only after

> (i) a final decision of a court of competent jurisdiction adjudicating the ownership of coalbed methane gas case as between them; (ii) a determination reached by an arbitrator pursuant to § 45.1-361.22:1; or (iii) an agreement among all claimants owning conflicting estates in the tract in question or any undivided interest therein.

Absent one of these three events, the money stays in escrow. The fundamental problem with this case is that plaintiff wants the release of the money from escrow, but he does not want to make the conflicting claimants parties to the proceedings.

Plaintiff recognizes, as he must, that ownership cannot be decided if only one of the two sides is a party to the case. Therefore, plaintiff states that he is not seeking a determination of ownership but

> a declaration that, "based on the *Harrison-Wyatt* opinion, a conveyance reservation or exception of coal does not include CBM as a matter of law, and, therefore, no CBM ownership conflict exists as a matter of law between a parson owning the gas estate interest in a CBM tract and a different person owning the coal estate interests in the tract."

(Response at 15 of 28, Docket No. 12.)

4

Even though plaintiff argues that he is not seeking a determination of ownership, the determination he seeks

> would be (and should be specifically declared by this Court to be) a judicial determination under Va. Code Ann. § 45.1-361.2(5)(i) sufficient to cause the Board to instruct the escrow agent to release the money into a Court-supervised escrow account, so that the money can be distributed to Class Members pursuant to a Court-supervised notice and claims procedure.

(W.D. Va. Document No. 476 at 13 of 17.)

In other words, plaintiff is seeking a determination of ownership but he is not seeking a determination of ownership. Plaintiff was more candid when he first filed these cases. In a prior complaint, Adair advised the court his "primary goal in this case is to obtain from the Court the 'final legal determination of ownership' that the statute requires . . . ." (W.D. Va. Document No. 32 at 4 of 40.)

Plaintiff suggests that whether all required parties are before the Court is irrelevant to class certification. (Response at 14 of 28, Docket No. 12.) Actually, however, the presence of required parties is central to the issue. Under Rule 23, a dispute must be "capable of classwide resolution" before a class can be certified. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Under both the Virginia statute and basic due process, this dispute is not capable of classwide resolution without having all conflicting claimants before the court.

5

### 2.   The District Court Erred By Certifying Individualized Damages Claims Under Rule 23(b)(3).

#### A.   Individual Damages Questions Eclipse Any Common Issues.

The District Court has also certified the class pursuant to Rule 23(b)(3) for the purpose of the royalty damages claims that "revolve around the price of CBM as sold by the operators, the volume of CBM and the amount of post-production deductions taken from the sale proceeds before calculating royalties." (Ex. B to Pet. at 71, Docket No. 2.) These claims are precisely the sort of "complex, highly individualized" computations that this Court found to be inappropriate for Rule 23(b)(3) certification in *Windham v. American Brands, Inc.*, 565 F.2d 59, 70 (4th Cir. 1977). Adair states that his claims "that EQT underpaid royalties are tort claims." (*See* Response at 22 of 28, Docket No. 12.) Under Virginia's tort jurisprudence [t]he burden is upon a plaintiff to prove the elements of damages with "reasonable certainty." *Bulala v. Boyd*, 389 S.E.2d 670, 677 (Va. 1990) (citing *Gwaltney v. Reed*, 84 S.E.2d 501, 502 (1954)). But Adair offered the District Court no computation of his damages and no evidence of (1) the price at which he believes EQT should have sold his gas, or to whom, (2) the volumes of gas on which he contends he should have been paid, or (3) the manner or degree to which EQT's deduction of post production costs – which is expressly permitted by the pooling orders entered by the Gas Board – were supposedly excessive.

6

Without this type of data, the fact finder has only half the equation and cannot formulate a reasonable estimate of the damages – if any – that Adair has actually incurred. Nor did Adair show to the District Court how these questions could be collectively answered for each of the individual class members. As this Court explained in *Windham*, issues raised by the apparent existence of numerous individual questions must be resolved *before* a class is certified. *Windham*, 565 F.2d at 70 (4th Cir. 1977) (quoting *In re Hotel Telephone Charges* 500 F.2d 86, 89-90 (9th Cir. 1974)). Neither Adair nor the District Court did so here, and the Rule 23(b)(3) certification should be reversed.

### B. *The Case Will Take Years to Decide in the District Court.*

Plaintiff contends that the case is "nearly *ready for trial*" and that EQT can appeal after a final judgment. (Response at 5 of 28, Docket No. 12, emphasis in original.) The case is not set for trial, no experts have been identified, and discovery is still ongoing. A scheduling order has not even been entered. Plaintiff's strategy is not to set the case for trial; it is, instead, to require EQT to provide an accounting of "every dime" that plaintiff contends should have been paid in royalties over the last 20 years. In his motion for summary judgment, plaintiff seeks:

> an explanation of all royalties owed, showing the amounts of CBM produced, the prices obtained, the deductions taken, and that the deductions were actually

7

> incurred, lawful and reasonable. Defendants must provide this accounting so that the second step – settling the account by payment – can occur. Once defendants have paid over what is owed under the accounting, Plaintiffs' claims for additional damages (such as punitive damages) should then be determined by jury trial.

(W.D. Va. Document No. 479 at 4 of 13.) According to plaintiff, the procedure will require both "a sworn written accounting" and then "a bench trial on the accounting," and then another trial on "additional damages." (*Id.*) But before any accounting may be had, the law of Virginia and of this Circuit requires Plaintiff first to prove the merits of his liability case. In the case of *In Re: Stansbury Poplar Place, Inc.*, 13 F.3d 122 (4th Cir. 1993), this Court held that defendants were "still entitled to a trial by jury on their legal claims despite [plaintiff's] addition of an equitable accounting claim" and required such trial be held before the determination of the accounting claim. *Id.* at 125, 129. Similarly, and contrary to Plaintiff's litigation strategy, the Supreme Court of Virginia has made clear that an order of reference for an accounting "is not to be awarded to enable a plaintiff to make out his case. It should not be made for the purpose of furnishing evidence in support of the allegations of the [complaint], nor until he has the right to demand it." *Millhiser v. McKinley*, 35 S.E. 446, 446 (Va. 1900). The reason for this rule is sound:

> nothing in chancery practice has been productive of so much mischief as orders of account unwisely made; that

8

> often an account had been ordered before the court decided the point upon which the propriety of taking the account depended, only to decree later, after expenditure of time and money, that the account was unnecessary.

*Binkley v. Parker*, 57 S.E.2d 106, 108 (Va. 1950) (quoting *Watkins* v. *Young,* 72 Va. 350, 31 Gratt. 84, 94, 1878 Va. LEXIS 29 (Va. 1878)). The mischief that concerned the Virginia Supreme Court in *Watkins* is compounded in the context of a class action, particularly where Plaintiff seeks to compel a class-wide accounting based on the evidence offered by a single litigant. Moreover, the Supreme Court has indicated there is a serious and substantial possibility that claims for monetary relief – such as "damages" flowing from an accounting – can *never* be certified under 23(b)(2), *see Wal-Mart*, 131 S. Ct. at 2559. If the motion for an accounting is successful, plaintiff will reverse the burden of proof and subject EQT to immense costs, which EQT will never be able to recoup. Before the parties are required to go down this path, the Court should decide whether these cases are appropriate for class treatment in the first place.

      For the foregoing reasons, EQT respectfully requests that the Court grant its petition and allow an interlocutory appeal of the order certifying a class.

                              EQT PRODUCTION COMPANY

                              By Counsel

Stephen M. Hodges
Wade W. Massie
Mark E. Frye
Penn, Stuart & Eskridge
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
shodges@pennstuart.com
wmassie@pennstuart.com
mfrye@pennstuart.com

By  */s/ Wade W. Massie*
      Wade W. Massie

Michael W. Smith
R. Braxton Hill, IV
Christian & Barton
909 East Main Street, Suite 1200
Richmond, Virginia  23219-3095
Telephone:  804/697-4100
msmith@cblaw.com
bhill@cblaw.com

By  */s/ Michael W. Smith*
      Michael W. Smith

10

# CERTIFICATE OF SERVICE

I certify that on October 29, 2013, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

David S. Stellings, Esq.
Daniel E. Seltz, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013
Tel: (212) 355-9500
Fax: (212) 355-9592
dstellings@lchb.com
dseltz@lchb.com

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Fax: (414) 956-1008
ecabraser@lchb.com

Copies were served via email and first class mail on the following counsel of record for plaintiff:

Charles Barrett, Esq.
Charles Barrett, P.C.
6518 Highway 100, Suite 210
Nashville, TN  37205
Tel: (615) 515-3393
Fax: (615) 515-3395
charles@cfbfirm.com

Elizabeth A. Alexander, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Tel: (615) 313-9000
Fax: (615) 313-9965
ealexander@lchb.com

Don W. Barrett, Esq.
David M. McMullan, Jr., Esq.
Brian Herrington, Esq.
Katherine B. Riley, Esq.
Barrett Law Group, P.A.
P.O. Box 927
Lexington, MS 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
bherrington@barrettlawgroup.com
kbriley@barrettlawgroup.com

Larry D. Moffett, Esq.
Daniel Coker Horton & Bell PA
265 North Lamar Boulevard, Suite R
P.O. Box 1396
Oxford, MS 38655
Tel: (662) 232-8979
Fax: (662) 232-8940
lmoffett@danielcoker.com

Jackson S. White, Jr., Esq.
The White Law Office
P.O. Box 286
Abingdon, VA 24212
Tel: (276) 619-3831
Fax: (815) 550-2930
Jackwhitelawoffice.com

Peter G. Glubiak, Esq.
Glubiak Law Office
P.O. Box 144
Aylett, VA 23009
Tel: (804) 769-1616
Fax: (804) 769-1897
glubiaklaw@aol.com

Richard R. Barrett, Esq.
Law Offices of Richard R. Barrett, PLLC
2086 Old Taylor Road, Suite 101
Oxford, MS 38655
Tel: (662) 380-5018
Fax: (866) 430-5459
rrb@rrblawfirm.net

                    */s/ Michael W. Smith*
                       Michael W. Smith

# CERTIFICATE OF SERVICE

I certify that on October 29, 2013, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

David S. Stellings, Esq.
Daniel E. Seltz, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013
Tel: (212) 355-9500
Fax: (212) 355-9592
dstellings@lchb.com
dseltz@lchb.com

Elizabeth J. Cabraser, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Fax: (414) 956-1008
ecabraser@lchb.com

Copies were served via email and first class mail on the following counsel of record for plaintiff:

Charles Barrett, Esq.
Charles Barrett, P.C.
6518 Highway 100, Suite 210
Nashville, TN  37205
Tel: (615) 515-3393
Fax: (615) 515-3395
charles@cfbfirm.com

Elizabeth A. Alexander, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
One Nashville Place
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219
Tel: (615) 313-9000
Fax: (615) 313-9965
ealexander@lchb.com

| | |
|---|---|
| Don W. Barrett, Esq.<br>David M. McMullan, Jr., Esq.<br>Brian Herrington, Esq.<br>Katherine B. Riley, Esq.<br>Barrett Law Group, P.A.<br>P.O. Box 927<br>Lexington, MS 39095<br>Tel: (662) 834-2488<br>Fax: (662) 834-2628<br>dbarrett@barrettlawgroup.com<br>dmcmullan@barrettlawgroup.com<br>bherrington@barrettlawgroup.com<br>kbriley@barrettlawgroup.com | Larry D. Moffett, Esq.<br>Daniel Coker Horton & Bell PA<br>265 North Lamar Boulevard, Suite R<br>P.O. Box 1396<br>Oxford, MS 38655<br>Tel: (662) 232-8979<br>Fax: (662) 232-8940<br>lmoffett@danielcoker.com |
| Jackson S. White, Jr., Esq.<br>The White Law Office<br>P.O. Box 286<br>Abingdon, VA 24212<br>Tel: (276) 619-3831<br>Fax: (815) 550-2930<br>Jackwhitelawoffice.com | Peter G. Glubiak, Esq.<br>Glubiak Law Office<br>P.O. Box 144<br>Aylett, VA 23009<br>Tel: (804) 769-1616<br>Fax: (804) 769-1897<br>glubiaklaw@aol.com |
| Richard R. Barrett, Esq.<br>Law Offices of Richard R. Barrett, PLLC<br>2086 Old Taylor Road, Suite 101<br>Oxford, MS 38655<br>Tel: (662) 380-5018<br>Fax: (866) 430-5459<br>rrb@rrblawfirm.net | |

                                                        */s/ Michael W. Smith*
                                                           Michael W. Smith

1499503